RECEIVED SG

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MAY 19 2015
MAY 19 2015
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Tarshika Sweezer )
_____ )
_____ )
, )
 )
Plaintiff(s), ) 1:15-cv-04395
 ) Judge Thomas M. Durkin
vs. ) Magistrate Michael T. Mason
 )
Elite Labor Services, Leasing LTD )
Peacock Engineering Company , )
 )
 )
Defendant(s). )

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS**

*This form complaint is designed to help you, as a* pro se *plaintiff, state your case in a clear manner. Please read the directions and the numbered paragraphs carefully. Some paragraphs may not apply to you. You may cross out paragraphs that do not apply to you. All references to "plaintiff" and "defendant" are stated in the singular but will apply to more than one plaintiff or defendant if that is the nature of the case.*

1. This is a claim for violation of plaintiff's civil rights as protected by the Constitution and laws of the United States under 42 U.S.C. §§ 1983, 1985, and 1986.

2. The court has jurisdiction under 28 U.S.C. §§ 1343 and 1367.

3. Plaintiff's full name is Tarshika Sweezer.

*If there are additional plaintiffs, fill in the above information as to the first-named plaintiff and complete the information for each additional plaintiff on an extra sheet.*

1

4. Defendant, __Jeffery Mays__, is
   (name, badge number if known)

   ☑ an officer or official employed by __Illinois Department of Employment__;
   (department or agency of government)
   __Security__ or

   ☐ an individual not employed by a governmental entity.

*If there are additional defendants, fill in the above information as to the first-named defendant and complete the information for each additional defendant on an extra sheet.*

5. The municipality, township or county under whose authority defendant officer or official acted is __Cook County__. As to plaintiff's federal constitutional claims, the municipality, township or county is a defendant only if custom or policy allegations are made at paragraph 7 below.

6. On or about __04/07/2015__, at approximately __11:00__ ☑ a.m. ☐ p.m.
   (month, day, year)
   plaintiff was present in the municipality (or unincorporated area) of _____, in the County of __Cook__, State of Illinois, at __6448 S. Winchester, Chicago, IL 60636__,
   (identify location as precisely as possible)

   when defendant violated plaintiff's civil rights as follows *(Place X in each box that applies)*:

   ☐ arrested or seized plaintiff without probable cause to believe that plaintiff had committed, was committing or was about to commit a crime;
   ☐ searched plaintiff or his property without a warrant and without reasonable cause;
   ☐ used excessive force upon plaintiff;
   ☑ failed to intervene to protect plaintiff from violation of plaintiff's civil rights by one or more other defendants;
   ☐ failed to provide plaintiff with needed medical care;
   ☑ conspired together to violate one or more of plaintiff's civil rights;
   ☐ Other:
   __The Social Security Act of 1935 Title 3 Section 303 (a) (a) (3)__

2

7. Defendant officer or official acted pursuant to a custom or policy of defendant municipality, county or township, which custom or policy is the following: (*Leave blank if no custom or policy is alleged*): 820 ILCS 405/100

8. Plaintiff was charged with one or more crimes, specifically:

9. (*Place an X in the box that applies. If none applies, you may describe the criminal proceedings under "Other"*) The criminal proceedings

   ☐ are still pending.

   ☐ were terminated in favor of plaintiff in a manner indicating plaintiff was innocent.[1]

   ☐ Plaintiff was found guilty of one or more charges because defendant deprived me of a fair trial as follows

   ☐ Other:

---

[1] Examples of termination in favor of the plaintiff in a manner indicating plaintiff was innocent may include a judgment of not guilty, reversal of a conviction on direct appeal, expungement of the conviction, a voluntary dismissal (SOL) by the prosecutor, or a *nolle prosequi* order.

3

10. Plaintiff further alleges as follows: *(Describe what happened that you believe supports your claims. To the extent possible, be specific as to your own actions and the actions of each defendant.)*

Enclosed: Please see Statement of Complaint Requesting Judicial Review.

11. Defendant acted knowingly, intentionally, willfully and maliciously.

12. As a result of defendant's conduct, plaintiff was injured as follows:

Plaintiff could not pay bills (see enclosed Five-day notice served on Plaintiff), Plaintiff did not eat good, had to borrow money. Suffered from distress.

13. Plaintiff asks that the case be tried by a jury.  ☐ Yes   ☐ No

4

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B. ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: *Tarshika Sweezer*

Plaintiff's name *(print clearly or type)*: Tarshika Sweezer

Plaintiff's mailing address: 6448 S. Winchester

City Chicago   State IL   ZIP 60636

Plaintiff's telephone number: (773) 498-8163

Plaintiff's email address *(if you prefer to be contacted by email)*: _____

15. Plaintiff has previously filed a case in this district. ☐ Yes ☒ No

*If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TARSHIKA SWEEZER ) | |
| ) | Case No._____ |
| ) | |
| Plaintiff, ) | |
| Vs. ) | Judge: _____ |
| ) | |
| ELITE LABOR SERVICES LEASING, LTD., ) | |
| PEACOCK ENGINEERING CO ) | Magistrate Judge: _____ |
| JEFFERY MAYS ) | |
| ILLINOIS DEPT EMPLOYMENT SEC. ) | |
| LISA MADIGAN ) | |
| THE AGENTS OF LISA MADIGAN ) | |
| Defendant(s). ) | |

### STATEMENT OF COMPLAINT REQUESTING JUDICAL REVIEW

NOW COMES, TARSHIKA SWEEZER (hereinafter referred to as Plaintiff), Pro Se with a STATEMENT OF COMPLAINT REQUESTING JUDICIAL REVIEW. Plaintiff states in support of said Complaint:

1. This cause of action arises out of 5 U.S.C. Chapter 7 §§ 701, 702, 704, 706 and U.S.C 1983.

2. The COURT has jurisdiction under 28 .U.S.C. § § 1331 and 1391.

1

3. Plaintiff was employed by ELITE LABOR SERVICES LEASING, LTD. (hereinafter referred to as Employer), on or about July 10, 2014 until termination on or about December 12, 2014.

4. Employer, Located at 720 Center Road, Carol Stream, Illinois 60188, is a staffing firm that employs workers for the PEACOCK ENGINEERING CO. (hereinafter referred to as Client) also located at 720 Center Road, Carol Stream, Illinois 60188 (Plaintiff states that Client is a subsidiary and fears that Client may be a shell company for Kraft Food Groups).

5. Plaintiff states that on or about January 18, 2015, Plaintiff filed a claim that adversely affected the Employer.

6. In defense of said claim, Employer recounted an altercation that led to its separation from the Plaintiff.

7. Plaintiff did not deny that such altercation took place, but alleged that employer omitted the facts that gave rise to the altercation. Plaintiff alleged that it was a hostile and discriminatory environment and that the supervisors of the Employer and the Client failed to heed her protests, a violation of 820 <u>ILCS</u> 405/601(3) and <u>Title VII of the 1964 Civil Rights Act.</u>

8. Plaintiff alleges that it was a wrongful termination due to the fact that supervisors from both the Employer's company and the Client's company did not protect Plaintiff, nor did they attempt to.

9. Harold Thompson and David W. Ott acted as uninterested parties to the conflict between Plaintiff and Employer.

2

10. Plaintiff alleges first Harold Thompson then David W. Ott ignored her assertions that a Title VII violation of the 1964 Civil Rights Act had occurred and a violation of 820 ILCS 405/601(3), which ultimately led to erroneous decisions which harmed the Plaintiff.

11. Plaintiff alleges that Harold Thompson allowed the Employer to proceed with its objection to Plaintiff's claim even though the response to Plaintiff's defense of said objection was not filed in a timely manner.

12. Plaintiff also alleges that David W. Ott was either so poorly trained for his duties, or was in no way fair and impartial, that he allowed a Rule 37 violation under FEDERAL RULES OF CIVIL PROCEDURE. Article II Rule 201 (b) (1) of Illinois Civil Procedure states in part:

    (a) Except as provided in these rules, a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any documents or tangible things and the identity and location of persons having knowledge of relevant facts....

13. Plaintiff alleges that such information was not given to Plaintiff to dispute or deny, and was harmful to the Plaintiff in that David W. Ott used such information to form the basis for his Decision.

14. Plaintiff asserts the Employer admitted that it was a wrongful termination.

15. With evidence of wrongdoing by the Employer and the Client, David W. Ott refused to give Plaintiff what Plaintiff was entitled to.

16. Plaintiff alleges that the actions/inaction Harold Thompson and David W. Ott caused Plaintiff harm in that Plaintiff did not eat properly, did not have proper clothing, and Plaintiff had to borrow money from family and friends to survive. Plaintiff suffered from distress caused by such action/inaction of Employer, Client.

17. Plaintiff alleges that JEFFERY MAYS and/or the agents of JEFFERY MAYS hold in their possession documents and/or other evidence which proves a Title VII violation by the Employer and the Client of the Employer against the Plaintiff, an admission of wrongful termination by the Employer and the misconduct of Mr. Harold Thompson and Mr. David W. Ott in their assumed duties.

18. Plaintiff states that LISA MADIGAN or the agent standing in the stead of LISA MADIGAN are interested parties to this cause of action and owe a duty to the Plaintiff, as well as several Defendants.

19. Plaintiff alleges that if LISA MADIGAN or the agent of LISA MADIGAN, represents one, she must neglect the other (Please see 15 ILCS 205/4).

WHEREFORE, Plaintiff prays for the relief of but not limited to the following:

    a. An Order for Summary Judgment against the Employer and Client;

    b. An estoppel against JEFFERY MAYS and/or the agents of JEFFERY MAYS and the ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY;

    c.  An Injunction against the JEFFERY MAYS and the ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY.

    d.  An Order for Summary Judgment against LISA MADIGAN and/or the agents of LISA MADIGAN and;

    e.  Any other remedy this Court deems just.

_/s/ Tarshika Sweezer_
Tarshika Sweezer
6448 S. Winchester
Chicago, Illinois 60636
(773)498-8163

I certify that I served a copy of the foregoing STATEMENT OF COMPLAINT to all the parties by certified mail at their last known addresses on the ____ day of May 2015.

_____
Tarshika Sweezer

5